UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HILL, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>ROBERT'S AMERICAN GOURMET FOOD, LLC, dba PIRATE BRANDS, and VMG PARTNERS II, LLC,<br><br>  Defendants. | Case No.: 13-cv-00696-YGR<br><br>**ORDER GRANTING DEFENDANT ROBERT'S AMERICAN GOURMET FOOD, LLC'S MOTION TO TRANSFER** |

Plaintiff Michael Hill filed this putative class action against Defendant Robert's American Gourmet Food, LLC ("Robert's") on February 15, 2013. (Compl. [Dkt. No. 1].) Defendant, VMG Partners II, LLC ("VMG") was named as an additional defendant in Hill's amended complaint filed on May 24, 2013. (Am. Compl. [Dkt. No. 23].) Plaintiff seeks monetary damages and injunctive relief on the grounds that Robert's has deceptively labeled several of its Pirate Brands snack foods as "all natural" in order to mislead consumers. (Am. Compl. ¶ 4.) Robert's is also a defendant in another putative class action filed on December 21, 2012 in the Eastern District of New York, *Valasquez v. Robert's American Gourmet Food, LLC*, No. 1:12-cv-06307-SLT-VVP ("*Valasquez* Action").

Robert's has filed a Motion to Transfer this action to the Eastern District of New York based on the first-to-file rule or, alternatively, 28 U.S.C section 1404(a) ("Section 1404(a)"). ("Motion" or "Mot." [Dkt. No. 20].) Hill filed an Opposition to Motion to Transfer. ("Opposition" [Dkt. No. 31].) Robert's filed a reply in turn. (Dkt. No. 41.) The Court held oral argument on the Motion on June 25, 2013. (Dkt. No. 57.)

Having carefully considered the papers submitted and the pleadings in this action, the arguments of counsel, and for the reasons set forth below, the Court hereby **GRANTS** Robert's American Gourmet Food, LLC's Motion to Transfer under the first-to-file rule. As this matter is hereby transferred pursuant to the first-to-file rule, this Order will not address transfer under Section 1404(a).[1]

I. **FACTUAL AND PROCEDURAL BACKGROUND**

    A. **Northern District of California Action**

On February 15, 2013, Hill filed this putative class action in the Northern District of California in his individual capacity and on behalf of a California class of similarly-situated purchasers of eleven Pirate Brands products. (Am. Compl. ¶ 38.) The class period in this action is defined as February 15, 2009 through the date on which notice will be disseminated to the putative class. (*Id.*)

Robert's, better known by its trade name, Pirates Brands, advertises and distributes various rice and corn based snack products throughout the United States. (Am. Compl. ¶ 1.) The allegations in the Amended Complaint stem from the use of an "all natural" label on eleven types of Pirates Brands snack food products. These products include: Original Tings Crunchy Corn Sticks, Pirate's Booty Aged White Cheddar Rice and Corn Puffs, Pirate's Booty Barrrrrbeque Rice and Corn Puffs, Pirate's Booty Chocolate Rice and Corn Puffs, Pirate's Booty New York Pizza Rice and Corn Puffs, Pirate's Booty Sour Cream & Onion Rice and Corn Puffs, Pirate's Booty Veggie Rice and Corn Puffs, Potato Flyers Baked Potato Chips Homestyle Barbecue, Potato Flyers Baked Potato Chips Sour Cream & Onion, Potato Flyers Baked Potato Chips The Original, and Smart Puffs Real Wisconsin Baked Cheese Puffs (collectively, the "Products"). (*Id.*)

Hill alleges that Robert's has labeled the Products deceptively because they are, in fact, not natural for two independent reasons. (Am. Compl. ¶ 2.) First, Hill alleges that the Products are unnatural because they are made using genetically modified organisms ("GMOs"). (*Id.*) Second,

---

[1] Following the hearing on the pending Motion, VMG Partners II, LLC confirmed that it will not contest personal jurisdiction in the Eastern District of New York as to the claims and allegations set forth in Hill's Amended Complaint. (Statement by VMG Partners II, LLC [Dkt. No. 53].) VMG Partners II, LLC has also filed an Answer to Complaint (Dkt. No. 56) and, in response to the Court's request for clarification, a joinder in the pending Motion to Transfer (Dkt. No. 59).

Hill alleges that the Products are unnatural because the ingredients are so heavily processed that they no longer chemically resemble the source crops from which they are derived. (Am. Compl. ¶ 3.) Hill alleges four claims in this action: (1) Violation of California Unfair Competition Law, Cal. Bus. & Prof. Code section 17200, *et seq.* ("UCL"); (2) Violation of Consumer Legal Remedies Act, Cal. Civ. Code section 1750, *et seq.* ("CLRA"); (3) Breach of Express Warranty; and (4) Violation of California False Advertising Law, Cal. Bus. & Prof. Code section 17500, *et seq.* ("FAL").

On May 24, 2013, Hill added VMG as an additional defendant in this case. (*See* Am. Compl.) Hill alleges "VMG plays a critical role in branding the subject Products, and in promulgation of the false 'All Natural' labels." (*Id.* ¶ 17.) Additionally, Hill alleges that VMG has invested heavily in Pirate Brands as one of its "Portfolio Companies." (*Id.* ¶ 20.)

### B. *Valasquez* Action

On December 21, 2012, Plaintiffs Milana Valasquez and Christina Tran initiated the *Valasquez* Action on behalf of themselves and "a nationwide class of persons who purchased Defendant's Products during the Class Period." (*Valasquez* Am. Compl. ¶ 37.) Plaintiff Tran also represents a California sub-class of "all Californians who purchased the Products during the Class Period." (*Id.* ¶ 38.) The class period is defined as December 21, 2008 to the conclusion of the action. (*Id.* ¶ 2.)

The plaintiffs in *Valasquez* allege that Robert's has misled consumers by using the "all natural" label on products that are not natural. Specifically, the *Valasquez* plaintiffs allege that Robert's products are unnatural because they contain GMOs. (*Valasquez* Am. Compl. ¶ 3.) The products at issue in *Valasquez* include: Pirate's Booty Aged White Cheddar, Pirate's Booty Veggie, Pirate's Booty Sour Cream & Onion, Pirate's Booty Chocolate, Pirate's Booty Barrrrrbeque, Pirate's Booty New York Pizza, and "other similar varieties." (*Id. ¶* 1.)

Plaintiffs Valasquez and Tran allege ten claims: (1) Violation of New York General Business Law section 349; (2) Breach of Express Warranties under New York Common Law; (3) Breach of Implied Warranty of Merchantability under New York Common Law; (4) Breach of Implied Warrant of Fitness for a Particular Purpose under New York Common Law; (5) Fraud, Deceit, and/or Misrepresentation under New York Common Law; (6) Unjust Enrichment under

New York Common Law; (7) Unfair and Deceptive Acts and Practices in Violation of CLRA; (8) Unlawful Business Acts and Practices in Violation of UCL; (9) Fraudulent Business Acts and Practices in Violation of UCL; and (10) Misleading and Deceptive Advertising in Violation of UCL.[2]

## II. DISCUSSION

### A. First-to-File Rule

A federal district court has discretion to transfer a case to another district court under the first-to-file rule. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982); *Alltrade, Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) ("The most basic aspect of the first-to-file rule is that it is discretionary."). The first-to-file rule is "a generally recognized doctrine of federal comity" permitting a district court to decline jurisdiction over an action. *Inherent.com v. Martindale–Hubbell,* 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (citing *Pacesetter*, 678 F.2d at 94–95). The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments. *Church of Scientology of California v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979) (citations omitted)). As such, the rule should not be disregarded lightly. *See Microchip Tech., Inc. v. United Module Corp.*, No. CV-10-04241-LHK, 2011 WL 2669627, at *3 (N.D. Cal. July 7, 2011). Courts analyze three factors in determining whether to apply the first-to-file rule: (1) chronology of actions; (2) similarity of the parties; and (3) similarity of the issues. *Schwartz v. Frito-Lay N. Am.*, No. C-12-02740 EDL, 2012 WL 8147135, at *2 (N.D. Cal. Sept. 12, 2012) (citing *Alltrade*, 946 F.2d at 625).

A court may, in its discretion, decline to apply the first-to-file rule in the interests of equity or where the Section 1404(a) balance of convenience weighs in favor of the later-filed action. *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010); *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994). Exceptions to the first-to-file rule include where the filing of the first suit evidences bad faith, anticipatory suits, and forum shopping. *Alltrade*, 946

---

[2] The seventh, eighth, ninth, and tenth claims are brought on behalf of Plaintiff Tran and the California sub-class.

4

F.2d at 628. The Ninth Circuit has cautioned that relaxing the first-to-file rule on the basis of convenience is a determination best left to the court in the first-filed action. *Ward*, 158 F.R.D. at 648 (citing *Alltrade*, 946 F.2d at 628).

### B. Analysis

As noted above, "[t]he most basic aspect of the first-to-file rule is that it is discretionary." *Alltrade*, 946 F.2d at 628. When found to be applicable, the rule gives courts the power to transfer, stay, or dismiss the case. *Id.* at 623. For the reasons discussed below, the Court finds that this action should be transferred to the Eastern District of New York.[3]

#### 1. Chronology of Actions

The first factor that must be satisfied in order for the first-to-file rule to apply is the chronology of actions. The action in the transferee district court must have been filed prior to the action in the transferor district court.

Here, the *Valasquez* Action was filed on December 21, 2012 in the Eastern District of New York. Hill filed the current suit eight weeks later on February 15, 2013. Thus, the first factor regarding the chronology of actions is satisfied.

#### 2. Similarity of the Parties

The second factor considered is whether the parties in each case are similar. Courts have held that "the first-to-file rule *does not require* strict identity of the parties, but rather *substantial similarity*." *Adoma*, 711 F. Supp. 2d at 1147 (emphasis supplied) (citing *Inherent.com,* 420 F. Supp. 2d at 1097); *see Microchip Tech.,* 2011 WL 2669627, at *3 (transferring case under first-to-file rule despite plaintiffs' arguments that a named plaintiff and a named defendant were not parties in the first-filed action). Put another way, "[e]xact identity is not required to satisfy the first-to-file rule." *Pac. Coast Breaker, Inc. v. Connecticut Elec., Inc.*, No. CIV 10-3134 KJM EFB, 2011 WL 2073796, at *3 (E.D. Cal. May 24, 2011) ("The rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional, unmatched parties in

---

[3] The Court notes as a preliminary matter that none of the typical exceptions to the first-to-file rule (bad faith, anticipatory lawsuits, or forum shopping) appear to be implicated here.

5

one or both matters.") (citation omitted); *Microchip Tech.,* 2011 WL 2669627, at *3 (exact identity not required).[4]

Courts within the Northern District of California have taken two approaches regarding the comparison of the classes prior to class certification for the purposes of a motion to transfer under the first-to-file rule. For example, in *Lac Anh Le v. PricewaterhouseCoopers LLP,* No. C–07–5476 MMC, 2008 WL 618938, at *1 (N.D. Cal. 2008), the court denied defendant's motion to stay under the first-to-file rule without prejudice, holding that because the classes in the first and second-filed lawsuits had not yet been certified, a comparison of the individual plaintiffs in each lawsuit was appropriate and showed that the parties were not the same. Other Northern District courts, however, have applied what appears to be the more widely accepted rule—which this Court will now follow—of comparing the putative classes even prior to certification. *See Ruff v. Del Monte Corp.*, No. C 12-05251 JSW, 2013 WL 1435230, at *3 (N.D. Cal. Apr. 9, 2013) (White, J.) (finding substantial similarity among three putative class actions relating to product labeling); *Ross v. U.S. Bank Nat. Ass'n,* 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008) (Illston, J.); *Weinstein v. Metlife, Inc.,* No. C 06–04444 SI, 2006 WL 3201045, at *4 (N.D. Cal. Nov. 6, 2006); *see also Adoma*, 711 F. Supp. 2d at 1147 ("In a collective action, the classes, and not the class representatives, are compared.") (citation omitted).

Here, Robert's is the sole defendant in the *Valasquez* Action, whereas the Amended Complaint in this action names two defendants, Robert's and VMG Partners II, LLC. The fact that there is an additional defendant in this case does not negate the *substantial similarity* between the actions. "[E]xact identity is not required to satisfy the first-to-file rule. The rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional, unmatched parties in one or both matters." *Pac. Coast Breaker*, 2011 WL 2073796, at *3 (quoting *PETA, Inc. v. Beyond the Frame, Ltd.*, No. CV 10-07576 MMM (SSx), 2011 WL 686158, at *2

---

[4] *See also Centocor, Inc. v. MedImmune, Inc.*, No. C 02-03252, 2002 WL 31465299, at *3 (N.D. Cal. Oct. 22, 2002) (finding the first-to-file rule applicable despite the fact that two named plaintiffs were not named parties in the first-filed action); *British Telecommunications plc v. McDonnell Douglas Corp.*, No. C-93-0677 MHP, 1993 WL 149860, at *4 (N.D. Cal. May 3, 1993) ("Based on the facts of *Alltrade*, the case does not stand for a blanket rule that there must be strict identity of parties for the first-to-file rule to apply.").

(C.D. Cal. Feb. 16, 2011)). Merely naming additional defendants in the second-filed action did not render the parties too dissimilar to apply the first-to-file rule. *Pac. Coast Breaker*, 2011 WL 2073796, at *3 (two additional defendants named).

With respect to the putative classes, plaintiffs in the *Valasquez* Action seek to represent both a nationwide class and a sub-class of California consumers. In the present action, Hill seeks to represent only himself and a class of California consumers. Courts have held that proposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals. *Adoma*, 711 F. Supp. 2d at 1148. Although plaintiffs in the *Valasquez* Action seek to represent a larger and broader class, plaintiffs in both that action and the present action intend to represent at least a California class of consumers. Thus, there is substantial similarity between the parties involved in both cases, and the second requirement of the first-to-file rule is satisfied.

### 3. Similarity of the Issues

The final factor considered is whether both actions involve similar issues. Again, courts have held that the issues in the two actions must be *substantially similar*, rather than identical. *Adoma*, 711 F. Supp. 2d at 1148 (citing *Inherent.com*, 420 F. Supp. 2d at 1097)*; Schwartz*, 2012 WL 8147135, at *3 ("The issues need not be precisely identical for the first-to-file rule to apply; the rule can apply even if the later-filed action brings additional claims."); *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 (N.D. Cal. 2008) ("[A]s defendant correctly notes, the 'first-to-file' rule is satisfied by a *sufficient* similarity of issues.").[5]

Hill asserts a total of four claims, each of which is mirrored in the *Valasquez* Action. Both cases involve claims for violations of the UCL, FAL, and CLRA. Specifically, Hill alleges violations of the unlawful, unfair, and fraudulent prongs of the UCL, the untrue and misleading

---

[5] *See also eNom, Inc. v. Philbrick*, C08-1288RSL, 2008 WL 4933976, at *2 (W.D. Wash. Nov. 17, 2008) (granting transfer under first-to-file rule despite the addition of a claim for declaratory judgment not present in the first-filed action); *PETA*, 2011 WL 686158, at *2 ([T]he first-to-file rule does not require identical parties or issues, so long as the actions are substantially similar or involve substantial overlap.") (citation omitted); *Centocor*, 2002 WL 31465299, at *3 ("[C]ourts generally do not require identical issues or parties so long as the actions involve closely related questions or common subject matter.").

prongs of the FAL, and Sections 1770(a)(2), (a)(5), (a)(7), (a)(9), and (a)(16) of the CLRA.  In the *Valasquez* Action, plaintiffs allege violations of the unlawful and fraudulent prongs of the UCL, the misleading prong of the FAL, and Sections 1770(a)(5), (a)(7), and (a)(9) of the CLRA.   In addition, both cases allege breach of warranty, although in the *Valasquez* Action, the warranty claims (based on express and implied warranties) are based on New York law.  While Hill alleges violations of more prongs or sub-sections of the UCL, FAL, and CLRA, both actions implicate the same factual issues.

The *Valasquez* Action and the present action involve issues that are substantially similar, despite the presence of what Hill asserts is an additional and independent basis for finding that the "all natural" claims on Pirate Brands products are false in the present case.  Namely, "[w]hile the New York matter alleges false advertising based only on the presence of GM[Os] . . . , Plaintiff Hill alleges, in detail, the presence and nature of additional, synthetic and heavily processed ingredients, which render the 'all natural' advertising false in their own right."  (Opposition at 2 (citing Am. Compl. ¶¶ 34–37).)  In *Adoma*, the court found that the first and second-filed lawsuits were substantially similar where both cases involved FLSA off-the-clock claims for unpaid overtime and plaintiff in the second-filed action attempted to distinguish her claim with an additional unpaid overtime theory.  *Adoma*, 711 F. Supp. 2d at 1148–49.  The court held that "Plaintiff's additional FLSA theory does not necessarily prevent the application of the first-to-file rule.  The central question in both *Sabol* and *Adoma* remains whether a class is entitled to compensation for unpaid, off-the-books overtime."  *Id.* at 1149.

Here, the central question in both cases is the same: whether the use of the "all natural" label on Pirate Brands products is deceptive and misleading because the products are, in fact, unnatural.  Furthermore, the claims relating to the California consumers that are represented in both cases are substantially similar as they involve the same California statutes.  Thus, the final requirement of the first-to-file rule is satisfied, and the present case can, and should, be transferred to the Eastern District of New York.

A transfer of this case to the Eastern District of New York will serve the purpose of the first-to-file rule in promoting judicial efficiency and avoiding the possibility of conflicting

8

judgments. Each of the claims in the instant action is mirrored or contained within the *Valasquez* Action. The same allegedly mislabeled Products are at issue in both actions, although Hill identifies more Products than in the *Valasquez* Action. The class periods in the actions overlap significantly: December 21, 2008 to the conclusion of the action versus February 15, 2009 to the date that notice will be disseminated to the class. Because of the overlapping claims, Products, and class period, discovery in the actions will be duplicative. Significant judicial efficiency will be gained and conservation of resources achieved by having one court manage the discovery in both actions, particularly where the primary defendant is located in New York. Moreover, both actions are nearing the motion to dismiss stage. In *Hill*, a motion to dismiss has been filed. In the *Valasquez* Action, leave has been granted to file a motion to dismiss. Transfer to the Eastern District of New York is thus unlikely to significantly hinder the progress of either case.

Hill's arguments to the contrary are unavailing. Hill's counsel repeatedly stated at oral argument that there were additional issues alleged in this action and/or that the claims were slightly different. The Court finds the slight variations in the allegations to be inconsequential because the central issues are the same. Even though there may be varying allegations, counsel articulated no reason why the district court in New York could not adequately address those issues. In addition, Hill failed to show that the discovery in the cases would be substantially different, nor did he present a reason outweighing the judicial efficiency to be gained by transferring this action to New York. In sum, Hill has not demonstrated why equity prevents transfer of this case in light of the strong reasons supporting transfer.

## III. CONCLUSION

For the foregoing reasons, the Court finds that based on the first-to-file rule, this action should be transferred to the Eastern District of New York. Accordingly, Robert's American Gourmet Food, LLC's Motion to Transfer this action is **GRANTED.** This Order terminates Dkt. No. 20. In light of this transfer, the Motion to Dismiss Amended Complaint (Dkt. No. 34) is **DENIED** as moot.

**IT IS SO ORDERED.**

Date: July 10, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**